# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1333V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
DAVID ESALA,

        Petitioner,

        v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: February 22, 2021

Dismissal; RCFC 25.

### DECISION DISMISSING PETITION[1]

On August 30, 2018, David Esala filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. Mr. Esala alleged that the influenza vaccine he received on September 1, 2015 caused him to develop Guillain Barré syndrome. *Id.* at 1.

On September 8, 2020, Petitioner's counsel submitted a status report (ECF No. 43) indicating that Mr. Esala had recently died, and that counsel was in the process of determining if the Petitioner's family wished to continue the action. Counsel filed another status report two months later, on November 9, 2020, stating that Petitioner's son had informed counsel that the

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

family did not wish to continue his father's action. Status Report, filed Nov. 9, 2020 (ECF No. 44). Thus, Petitioner's counsel indicated that a Motion to Dismiss would be filed within a week. *Id.*

The case was not dismissed as anticipated. Instead, Petitioner's counsel submitted a third status report, this time noting that she had not yet received documentary confirmation of the appointment of an estate representative, and that once this was in hand dismissal would be requested. Status Report, filed Nov. 20, 2020 (ECF No. 45) ("Third Status Rep."). Additional time passed with no action on the matter.

Accordingly, I scheduled a status conference for January 11, 2021, in order to obtain a better understanding of the situation. Petitioner's counsel informed me that she had made several attempts to re-establish contact with Mr. Esala's son, but that these attempts had been unsuccessful, and she still was not in possession of the documentation required for a party's substitution. I thereafter ordered Petitioner's counsel to provide notice of the risk of dismissal of the Petition to Petitioner's estate and to those members of Petitioner's family and/or representatives that could be identified if no representative appeared in the matter or sought substitution on or before February 16, 2021. Order, filed Jan. 11, 2021 (ECF No. 46). On January 15, 2021, Petitioner's counsel filed a status report indicating that she had acted in accordance with my Order. Status Report, filed Jan. 15, 2021 (ECF No. 47). To date, however, no person has sought substitution, or has otherwise appeared in the matter on behalf of Petitioner's estate.

## ANALYSIS

The Court's rules (which inform Vaccine Program practice—especially in the absence of contrary rules) provide for the very circumstances the parties face. Pursuant to Rule 25 of the United States Court of Federal Claims ("RCFC"), "[a] motion for substitution may be made by any party or by the decedent's successor or representative." RCFC 25. Upon the death of a claimant, if a motion for substitution is not made within 90 days after service of the statement noting death, the action must be dismissed. RCFC 25(a)(1).

Here, counsel took reasonable care not to seek dismissal before official authorization from an estate representative had been obtained, in accordance with Rule 25. But based solely on the filed status reports, it is evident that well more than the 90 days required by Rule 25 has passed since Petitioner's death (assuming, as is reasonable, that the death likely occurred *before* the September 2020 status report informing me of it). And although a literal "statement" noting death was never filed, there is no reason to doubt counsel's representation of the fact of Mr. Esala's death (which is not otherwise disputed). In addition, the November 2020 status report establishes that at least Petitioner's son is aware of his father's death and the present claim, and no representative of the estate has been identified to counsel who could be so served.

It is my determination that the Petition may now appropriately be dismissed under the circumstances. No one from Petitioner's family has expressed the desire to maintain the action,

despite communication with counsel about the matter. More than five months have passed since counsel first reported that Mr. Esala was deceased—and thus almost twice the amount of time provided under Rule 25 to act. In addition, following the precise requirements of Rule 25 in such a case would lead to a perverse outcome—since it would appear that *any case* in which it was understood that the plaintiff/petitioner had died could nevertheless remain in stasis indefinitely, until such time as an estate representative was identified to counsel who could be served with the statement of death. It is otherwise inconsistent with the Program's policy goal of swift and streamlined determinations to continue to wait for the appearance of an estate representative to act, when nothing suggests that occurrence is likely any time soon.

## CONCLUSION

Despite ample opportunity for substitution and diligent efforts by Petitioner's counsel to find an appropriate representative, there has been no movement on this front for more than five months, and nothing suggests circumstances are likely to change. Therefore, in the interest of judicial efficiency, Petitioner's claim should be dismissed for failure to prosecute. RCFC 25; Vaccine Rule 21(b)(1).

Accordingly, the Petition is dismissed **with prejudice**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

                                            s/ Brian H. Corcoran
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.