# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1333V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
DAVID ESALA,                          *
                                      *          Chief Special Master Corcoran
                Petitioner,           *
                                      *          Filed: October 6, 2021
v.                                    *
                                      *
                                      *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                Respondent.           *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Sylvia Chin-Caplan*, Law Office of Sylvia Chin-Caplan, Boston, MA, for Petitioner.

*Heather Lynn Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On August 30, 2018, David Esala filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he experienced Guillain-Barré syndrome ("GBS") after the administration of an influenza ("flu") vaccine on September 1, 2015. Petition, dated Aug. 30, 2018 (ECF No. 1) at 1.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The matter was originally assigned to the "Special Processing Unit" of the Office of Special Masters (the "SPU"), based on a preliminary evaluation that the claim was likely to settle and/or meet the Table requirements for a flu-GBS claim, but was transferred out of SPU after Respondent identified several disputed issues of fact or law pertaining to the claim. Before such matters could be explored in greater detail, however, Petitioner passed away, and despite ample opportunity no relative/family member or estate representative opted to appear in the matter and continue the claim. ECF No. 47. As a result, the case was dismissed. ECF No. 48.

Counsel have now filed a motion for a final award of attorney's fees and costs. Motion, dated September 22, 2021 (ECF No. 52). The motion requests a final award of $47,802.88 in attorney's fees and costs for the work of two attorneys, Ms. Sylvia Chin-Caplan and Mr. Timothy J. Mason, and one paralegal (reflecting $47,302.50 in fees and $500.38 in costs). *Id.* at 1–6. Respondent reacted to the fees request on October 5, 2021. Response, dated October 5, 2021 (ECF No. 53). Respondent takes no position as to the appropriateness of a fees award in this case, and defers resolution of the matter (as well as calculation of the sum to be awarded) to my discretion. *Id.* at 2.

For the reasons set forth below, I hereby **GRANT IN PART** the motion, awarding fees and costs in the total amount of **$45,437.76**.

## ANALYSIS

### I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, reasonable basis is a threshold requirement that an unsuccessful petitioner must meet to obtain a fees award—satisfying it does not *obligate* the special master to award fees under such circumstances (whereas some amount of fees *must* be awarded in a successful case).

In short, a claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account

what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is significantly lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail (and perhaps even would appear highly unlikely to succeed to a skilled Vaccine Program practitioner) can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Here, although the case's dismissal was voluntarily requested, I find there was sufficient objective basis to entitle her to fees and costs award. This case is rather unique in that the Petitioner passed away during the case, and the matter was not thereafter continued. Thus, its dismissal does not reflect a reasoned evaluation by the Petitioner that the claim was not likely to succeed. I do take note of points Respondent raised in his Rule 4(c) Report about the claim's ultimate weakness (including but not limited to the lengthy post-vaccination onset, and Petitioner's well-documented preexisting health issues). Report, dated November 15, 2019 (ECF No. 35) at 7. Nevertheless, the core facts (of receipt of vaccination and GBS-like injury) were not in dispute, and flu-GBS cases are routinely alleged (and won) in the Program. Accordingly, a final award of fees and costs in this matter is appropriate.

## II.    Calculation of Fees

### A.    *Petitioner's Requested Rates are Reasonable*

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The following rates for Petitioner's attorneys and a paralegal are requested, based on the years work was performed:

| Attorneys | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|
| **Ms. Sylvia Chin-Caplan, Esq.** | $414.00 | $429.00 | $445.00 | $445.00 |
| **Mr. Timothy J. Mason, Esq.** | -- | $238.00 | $247.00 | $253.00 |
| **Paralegal** | -- | $145.00 | $145.00 | $150.00 |

ECF No. 52 at 4–33.

Ms. Chin-Caplan and Mr. Mason practice in Boston, Massachusetts—a jurisdiction that has been deemed "in forum. Accordingly, they are entitled to the rates established in *McCulloch*. *See Jaffri v. Se'y of Health & Human Servs.*, No. 13-484V, 2016 WL 7319407, at *5–6 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). The rates requested for Ms. Chin-Caplan and Mr. Mason are also consistent with what has previously been awarded them in accordance with the Office of Special Masters' fee schedule.[4] *Nunez v. Sec'y of Health & Hum. Servs.*, No. 14-863V, 2021 WL 3910605, at *2 (Fed. Cl. Spec. Mstr. July 27, 2021). I thus find no cause to reduce the rates in this instance.

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

B.    *Percentage Adjustment to Time Billed*

Although I am permitting a fees award in this case, my review of billing in the matter suggest to me that some reduction in the time to be awarded is appropriate. The deficiencies in the claim—for example, a ten-week onset, inconsistent with what has been deemed appropriate in the vast majority of flu-GBS cases[5]—were fairly glaring, and perhaps could have been identified by counsel far sooner in the life of the matter. Some of the case's delayed course was admittedly attributable to the matter's progress through OSM (in particular, its assignment in, then out of, SPU), and so this is not a situation where a party's inaction or dilatory conduct slowed the claim's adjudication.

Nevertheless, I am troubled by a fee request approaching $50,000.00 in a case that arguably should not have been maintained, independent of the death of Petitioner, or at least could have been concluded far sooner. Review of records earlier in the case might well have highlighted the onset problem, signaling to counsel that the claim was not likely to be tenable. But this did not occur. Indeed, review of the billing records establishes that counsel had incurred $26,843.50 in fees—nearly half of the total sum requested—as of the date of the Rule 4(c) Report in November 2019, even though by that time the claim's substantive deficiencies were out in the open. It was unproductive thereafter to double that amount, simply for purposes of attempting to determine how to proceed in light of Petitioner's death.

My concerns do not eliminate the claim's reasonable basis, and I continue to believe some fees award is reasonable. But they *are* grounds for a reduction. Special masters may apply modest across-the-board cuts to a fees request, and need not go line-by-line making reductions or eliminating time in every case. *Hammitt v. Sec'y of Health & Hum. Servs.*, No. 07-170V, 2011 WL 1827221, at *3 (Fed. Cl. Spec. Mstr. April 7, 2011). Because of my overall assessment that more time was devoted to this matter than appropriate given its substantive failings, I will reduce fees to be awarded herein by **five percent**. This results in a total amount of fees to be awarded of $44,937.38.

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

[5] *Spayde v. Sec'y of Health & Hum. Servs.*, No. 16-1499V, 2021 WL 686682, at *8 (Fed. Cl. Ct. Spec. Mstr. Jan. 27, 2021) (stating that onset of GBS after vaccination within six weeks is 81%).

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $500.38 in costs incurred since the claim's filing, including medical record retrieval costs, mailing and distribution costs, subpoena fees, and filing costs. Motion at 30–32. Medical record retrieval costs are typical in Program cases and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable. Mailing and distribution costs are also typical, and I do not find any of the request's costs unreasonable. Subpoena fees are sometimes necessary and are not unreasonable. Filing fees always come with a case and are not unreasonable. All of these costs shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$45,437.76** reflecting $44,937.38 in attorney's fees and $500.38 in costs, in the form of a check made jointly payable to Petitioner and her attorney Ms. Sylvia Chin-Caplan.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.